UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRETT GABRIEL, *et al.*                                                       CIVIL ACTION

VERSUS                                                                                     NO. 23-1333

AMERICAN SECURITY                                                          SECTION M (5)
INSURANCE COMPANY

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant American Security Insurance Company ("American Security").[1] The motion is set for submission on August 24, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance August 16, 2023. Plaintiffs Brett and Natasha Gabriel, who are represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 7.
[2] R. Doc. 7-3.
[3] This is an insurance coverage dispute arising out of damage plaintiffs' property sustained due to Hurricane Ida. R. Doc. 1-1 at 5. Plaintiffs allege that their property was covered by a homeowners insurance policy issued by American Security at the time of the hurricane, but that the insurer "failed and/or refused to pay the full amount of damages owed for the loss." *Id.* Plaintiffs assert a claim against American Security for breach of contract and seek penalties and attorney's fees under La. R.S. 22:1892 and 22:1973. *Id.* at 6-10. American Security removed the action on the basis of diversity subject-matter jurisdiction, R. Doc. 1 at 1-2, and subsequently filed the instant motion for summary judgment, in which the insurer argues that plaintiffs "are not the insureds or additional insureds" under the policy and so they lack standing to enforce it. R. Doc. 7 at 1. Moreover, says American Security, plaintiffs have not demonstrated their status as third-party beneficiaries under the policy, and so summary judgment is proper. Under Louisiana law, an insurance policy, like any other contract, is construed according to the general rules of contract interpretation set forth in the Louisiana Civil Code. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256-57 (5th Cir. 2022) (citing *Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 958 So. 2d 634, 638 (La. 2007)). "Courts must first consider the parties' intent by examining the words of the policy." *Id.* at 257 (citing *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 589 (La. 2007); La. Civ. Code arts. 2045-2046). In examining the terms of the policy, "'words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning.'" *Id.* (quoting *Sims*, 956 So. 2d at 589). "'When the words of an insurance contract are clear and unambiguous and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent.'" *Id.* (quoting *Gorman v. City of Opelousas*, 148 So. 3d

IT IS ORDERED that American Security's motion for summary judgment (R. Doc. 7) is GRANTED, and plaintiffs' claims against it are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 17th day of August, 2023.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE

---

888, 982 (La. 2014)). A court cannot exercise "inventive powers to create an ambiguity where none exists or [make] a new contract when the terms express with sufficient clearness the parties' intent." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). "'To state a claim under an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy.'" *James v. Am. Sec. Ins. Co.*, 2021 WL 5795292, at *2 (E.D. La. Dec. 7, 2021) (quoting *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 641 (E.D. La. 2019)). Here, American Security indicates that plaintiffs are not named insureds or additional insureds under the policy because their mortgage lender, Select Portfolio Servicing, Inc. ("Select Portfolio"), is the only insured named. R. Doc. 7 at 1. In its notice of removal, American Security provided a copy of the policy, in which only Select Portfolio is listed as the named insured. R. Doc. 1-2 at 5. Thus, to have standing, plaintiffs must be intended third-party beneficiaries of the policy. "Under Louisiana law, a contracting party may stipulate a benefit for a third person called a third-party beneficiary. Louisiana courts have termed this stipulation as a *stipulation pour autrui*." *Haley v. Am. Sec. Ins. Co.*, 2022 WL 17281800, at *4 (E.D. La. Nov. 29, 2022) (footnote omitted). "There are three key criteria in Louisiana law for determining whether such a stipulation exists in a contract: (1) the stipulation must be 'manifestly clear;' (2) the benefit to the third party must be certain; and (3) the benefit may not be a 'mere incident' of the contract." *James*, 2021 WL 5795292, at *2 (quoting *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006)). Courts are not to presume the existence of a *stipulation pour autrui* in a contract. *Id.* Moreover, "[t]he party claiming the benefit [of a *stipulation pour autrui*] bears the burden of proof." *Joseph*, 939 So. 2d at 1212. Here, in neglecting to oppose American Security's motion, plaintiffs have failed to satisfy their burden of demonstrating that the policy contains a *stipulation pour autrui*. Further, the express terms of the policy state: "Loss will be made payable to the named insured. No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations." R. Doc. 1-2 at 13. As Select Portfolio is the only named insured shown on the declaration page, R. Doc. 1-1 at 5, and plaintiffs have not come forward with evidence of their status as third-party beneficiaries under the policy, summary judgment is proper because plaintiffs do not have standing to bring a breach-of-contract claim against American Security. Finally, because plaintiffs do not have standing to bring a breach-of-contract claim, they similarly cannot assert claims for statutory penalties under La. R.S. 22:1892 and 22:1973. *See, e.g.*, *Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 2002) (so holding as to the predecessors of these penalties provisions).