UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRETT GABRIEL, *et al.*                         CIVIL ACTION

VERSUS                                          NO. 23-1333

AMERICAN SECURITY                               SECTION M (5)
INSURANCE COMPANY

## ORDER & REASONS

Before the Court is the motion of plaintiffs Brett and Natasha Gabriel (together, "Plaintiffs") to vacate judgment and dismiss defendant's motion for summary judgment.[1] Defendant American Security Insurance Company ("American Security") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Plaintiffs' motion.

## I.    BACKGROUND

This case concerns an insurance coverage dispute arising out of damage to Plaintiffs' property caused by Hurricane Ida on August 29, 2021.[3]  Plaintiffs filed this action in state court alleging that they purchased a homeowners insurance policy from American Security that was in force on the date of the loss, they made a claim for losses caused by Hurricane Ida, and American Security breached the contract and acted in bad faith by failing to pay the claim.[4]  American Security removed the action to this Court asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[5]

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 1-1 at 5.
[4] *Id.* at 5-10.
[5] R. Doc. 1 at 1.

On April 26, 2023, the Court's October 25, 2022 case management order for Hurricane Ida claims ("CMO") was entered into the record of this case.[6]  The CMO, with the goal of resolving Hurricane Ida cases "as justly and expeditiously as possible," sets forth a streamlined discovery protocol and settlement and mediation protocol.[7]

On July 20, 2023, American Security filed a motion for summary judgment, arguing that Plaintiffs have no claim under the policy because they were neither the insureds nor additional insureds.[8]  The insurance policy at issue is a "force-placed policy" procured by Plaintiffs' mortgage lender, Select Portfolio Servicing, Inc. ("Select Portfolio"), to protect its interest in the property against a covered loss.[9]  Select Portfolio was the insured and payee for any proceeds.[10]  Moreover, American Security argued that Plaintiffs were not third-party beneficiaries of the policy because there was no specified *stipulation pour autrui*.[11]

American Security's motion for summary judgment was noticed for submission on August 24, 2023.[12]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance August 16, 2023.  Plaintiffs, who are represented by counsel, did not file an opposition to the motion.  Finding that American Surety's motion had merit, the Court granted it, providing the following reasons:

> "'To state a claim under an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy.'" *James v. Am. Sec. Ins. Co.*, 2021 WL 5795292, at *2 (E.D. La. Dec. 7, 2021) (quoting *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 641 (E.D. La. 2019)).  Here, American Security indicates that plaintiffs are not named insureds or additional insureds under the policy because their mortgage lender, Select Portfolio

---

[6] R. Doc. 4.
[7] *Id.*
[8] R. Doc. 7.
[9] R. Doc. 7-1 at 1
[10] *Id.* at 2-3.
[11] *Id.* at 4-5.
[12] R. Doc. 7-3.

Servicing, Inc. ("Select Portfolio"), is the only insured named.  R. Doc. 7 at 1.  In its notice of removal, American Security provided a copy of the policy, in which only Select Portfolio is listed as the named insured.  R. Doc. 1-2 at 5.  Thus, to have standing, plaintiffs must be intended third-party beneficiaries of the policy.  "Under Louisiana law, a contracting party may stipulate a benefit for a third person called a third-party beneficiary.  Louisiana courts have termed this stipulation as a *stipulation pour autrui*."  *Haley v. Am. Sec. Ins. Co.*, 2022 WL 17281800, at *4 (E.D. La. Nov. 29, 2022) (footnote omitted).   "There are three key criteria in Louisiana law for determining whether such a stipulation exists in a contract: (1) the stipulation must be 'manifestly clear;' (2) the benefit to the third party must be certain; and (3) the benefit may not be a 'mere incident' of the contract."  *James*, 2021 WL 5795292, at *2 (quoting *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006)).  Courts are not to presume the existence of a *stipulation pour autrui* in a contract.  *Id.*  Moreover, "[t]he party claiming the benefit [of a *stipulation pour autrui*] bears the burden of proof."  *Joseph*, 939 So. 2d at 1212.  Here, in neglecting to oppose American Security's motion, plaintiffs have failed to satisfy their burden of demonstrating that the policy contains a *stipulation pour autrui*.  Further, the express terms of the policy state: "Loss will be made payable to the named insured.  No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations." R. Doc. 1-2 at 13.  As Select Portfolio is the only named insured shown on the declaration page, R. Doc. 1-1 at 5, and plaintiffs have not come forward with evidence of their status as third-party beneficiaries under the policy, summary judgment is proper because plaintiffs do not have standing to bring a breach-of-contract claim against American Security.  Finally, because plaintiffs do not have standing to bring a breach-of-contract claim, they similarly cannot assert claims for statutory penalties under La. R.S. 22:1892 and 22:1973.  *See, e.g.*, *Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 2002) (so holding as to the predecessors of these penalties provisions).[13]

Accordingly, the Court entered a judgment in America Surety's favor dismissing with prejudice Plaintiffs' claims.[14]

## II.    PENDING MOTION

Plaintiffs, without citing or discussing the applicable legal standard, move to vacate the judgment, arguing that the CMO in place precluded American Security from filing a motion for summary judgment and the Court erred by granting the motion because the case was in its early stages and the existence of a *stipulation pour autrui* is an issue of fact.[15]  Plaintiffs also argue that

---

[13] R. Doc. 9 at 2 n.3.
[14] R. Doc. 10.
[15] R. Doc. 12-3 at 1-5.

they cannot be blamed for not opposing the motion for summary judgment because they believed the motion was premature.[16]

In opposition, American Security argues that Plaintiffs' motion should be denied because they have not presented a manifest error of law or fact upon which the judgment is based, newly discovered evidence, manifest injustice, or an intervening change in the law that justifies vacating the judgment.[17]   American Security also argues that Plaintiffs could, and should, have raised their arguments regarding the CMO, the purported prematurity of the motion for summary judgment, and the *stipulation pour autrui,* in opposition to the motion for summary judgment, not (for the first time) in this motion to vacate.[18]   Further, American Security contends that Plaintiffs' due process rights were not violated because the CMO did not preclude the filing of the summary judgment motion, and Plaintiffs had adequate opportunity to respond to the motion and simply chose not to do so.[19]   Finally, American Security argues that no additional discovery would aid Plaintiffs because they are clearly not third-party beneficiaries under the insurance policy.[20]

## III.   LAW & ANALYSIS

Because Plaintiffs' motion was filed in the wake of a final judgment,[21] it constitutes a timely-filed motion under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

### A.  Rule 59(e) Standard

A Rule 59(e) motion to alter or amend a judgment after its entry calls into question the correctness of the judgment.  *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  The moving party must show that the motion is necessary to: (1) correct manifest errors of law or fact

---

[16] *Id.* at 5.
[17] R. Doc. 13 at 1-4.
[18] *Id.* at 4-5.
[19] *Id.* at 6.
[20] *Id.* at 5-8.
[21] R. Doc. 10.

upon which the judgment is based; (2) present newly discovered or previously unavailable evidence; (3) prevent manifest injustice; or (4) address an intervening change in the controlling law. *See, e.g., Branch v. Lobello*, 2022 WL 2132039, at *2 (E.D. La. June 14, 2022). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127-28 (2d ed. 1995)); *see also In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) ("A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."). Thus, a Rule 59(e) motion "'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Rivera v. Garza*, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

**B. Rule 60(b) Standard**

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. ---, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Those limited circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable.  Even then, 'extraordinary circumstances' must justify reopening."  *Kemp*, 142 S. Ct. at 1861 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 864 (1988)) (internal citation omitted).  To that end, relief under Rule 60(b)(6) "'requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made.'"  *Rivera*, 2022 WL 2752224, at *1 (quoting *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)).

### C. Analysis

Plaintiffs have not met their burden under either Rule 59(e) or Rule 60(b).  With respect to Rule 59(e), Plaintiffs have not shown any manifest error of law or fact upon which the judgment is based, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in the controlling law.  Rather, they raise here for the first time arguments that they could and should have asserted in opposition to American Security's motion for summary judgment.  Moreover, they have not shown any of the enumerated justifications for relief under Rule 60(b).

Plaintiffs' argument that they did not oppose the summary judgment because it was premature in light of the CMO and the early stage of the case is unpersuasive.  First, the CMO is a streamlined discovery and settlement program that does not implicate a parties' rights regarding the filing of dispositive or other motions.  Rule 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).  There is nothing in the CMO regarding the timing of summary-judgment motions, and this Court did not issue in this case

an order regarding the time for filing summary-judgment motions.  Second, there was no due process violation in granting summary judgment because Plaintiffs were plainly notified that the summary-judgment motion was filed, and Local Rule 7.5 clearly dictates when an opposition to a motion must be filed (*viz.,* eight days before the noticed submission date).  As litigants in this Court, Plaintiffs are bound to abide by such rules.  Finally, this Court specifically found that the express terms of the insurance policy indicate that Plaintiffs are not third-party beneficiaries, and therefore the Court granted American Security's unopposed motion for summary judgment because it had merit.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to vacate judgment and dismiss defendant's motion for summary judgment (R. Doc. 9) is DENIED.

New Orleans, Louisiana, this 21st day of September, 2023.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE